UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BELKIS XIOMARA MARTINEZ CHACON (A-216-641-530),

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No. 1:26-cv-7240 DC CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Belkis Xiomara Martinez Chacon (A-216-641-530), a native and citizen of Honduras, entered the United States in 2002 without inspection and, through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] On December 7, 2020, petitioner was released on an Order of Recognizance. On August 15, 2026, petitioner was detained by Immigration and Customs Enforcement ("ICE") and has been in continuous detention since this date. This habeas action concerns petitioner's re-detention. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering respondents to provide petitioner a bond hearing.

///

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. FACTUAL BACKGROUND

Petitioner is a 44-year-old native and citizen of Honduras who entered the United States on or about March 1, 2022, without inspection. (ECF No. 1 at 8.) On December 7, 2020, petitioner was issued a Notice to Appear in INA Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[2] (Id. at 9; see also ECF No. 6-5.) The Notice to Appear alleges that petitioner is present in the United States without being admitted or paroled and does not allege petitioner is an "arriving alien," though the Notice does include a place to designate this information. (Id.) Petitioner was released on December 7, 2020, on an Order of Recognizance. (ECF No. 6-1 at 3.)

On October 10, 2021, petitioner filed an application for cancellation of removal. (ECF No. 1 at 9.) On July 14, 2025, an immigration judge denied the application. (Id.) On August 6, 2025, petitioner timely filed an appeal of the denial with the Board of Immigration Appeals, which remains pending. (Id.)

Petitioner has a valid work authorization which expires on November 13, 2029. (ECF No. 6-1 at 4.) Petitioner has owned and operated a moving company for several years. (ECF No. 1 at 10.) Petitioner has repeatedly been permitted to enter federal facilities to perform her contracted moving services, has undergone the screening and security procedures required to access such facilities, and was permitted to enter and perform her work without incident. (Id.) However, on August 15, 2026, petitioner and other members of her work crew were stopped at the military installation, and a security screening was conducted. (Id. at 11.) After conducting a background check, ICE was notified and petitioner was taken into ICE custody. (Id.) After her initial detention in Chantilly, Virginia, petitioner was transferred to Louisiana, and then to California. (Id.)

Petitioner has six children, four of whom are United States citizens, two of whom are minors. Her minor daughter has autism or a similar developmental condition that requires

---

[2] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

ongoing therapy, medication, and parental support. Petitioner's detention has impaired her ability to care for her minor children, financially provide for her household, and to manage her business, pay the company's expenses, and meet her family's financial obligations. (Id. at 12-13.) In addition, petitioner suffers from several medical conditions requiring medical monitoring and care. (Id. at 13.)

Petitioner acknowledges the following prior arrests and traffic-related charges:

1. On September 22, 2018, petitioner was charged with speeding and driving without a driver's license; she was released on a summons and subsequently paid the fine.
2. On November 27, 2020, petitioner was arrested and charged with assault and battery of a family member and strangulation resulting in injury; both charges were subsequently nolle prossed, meaning the prosecution dropped the criminal charges.
3. On or about November 7, 2022, petitioner was arrested in Pennsylvania in connection with a marijuana-possession offense involving an amount allegedly intended for personal use; petitioner was cited and paid the fine.[3]
4. On April 23, 2023, Petitioner was charged with driving without a driver's license, failure to possess a valid vehicle registration, and displaying only one license plate; petitioner paid the applicable fines.
5. On May 10, 2023, petitioner was charged with assault and battery of a family member, driving while intoxicated ("DWI"), refusal to submit to a blood or breath test, and a first offense DWI. The assault and battery charge, DWI charge, and refusal-to-test charge were nolle prossed or dismissed.

(ECF No. 1 at 13-14.)

Petitioner has been in continuous detention since August 15, 2026.

///

[3] On January 11, 2023, petitioner was found guilty of the possession of a small amount of marijuana. (ECF No. 1-1 at 3.) An immigration judge acknowledged that the BIA has held that there is an exception for petty offenses, Matter of Garcia-Hernandez, 23 I&N Dec. 590, 593 (BIA 2003), but noted such waiver could not be applied here, and found petitioner's marijuana conviction disqualified her from seeking cancellation of removal. (Id. at 5.)

## II. PROCEDURAL BACKGROUND

On September 8, 2026, petitioner filed the petition for writ of habeas corpus. (ECF No. 1.) On October 23, 2026, respondents timely filed an answer to the petition, and on October 30, 2026, petitioner timely filed a reply. (ECF Nos. 6, 7.) Briefing is now complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner challenges her continued detention without a bond hearing based on the violation of the Immigration and Nationality Act, 8 U.S.C. § 1226(a), and based on a violation of her due process rights under the Fifth Amendment. (ECF No. 1 at 14-15.) Petitioner asserts that she was detained pursuant to 8 U.S.C. § 1226(a), and not § 1226(c) detention of criminal aliens or §§ 1225(b)(1) or (b)(2) expedited removal for arriving aliens. (Id. at 14.) Respondents do not claim petitioner is detained under § 1226(c) or § 1225(b), and do not dispute that petitioner was detained pursuant to § 1226(a). (See ECF No. 6.) Respondents argue that petitioner was detained for violating her release conditions and argue that her criminal activity after she was released on her own recognizance means she was not entitled to notice or a pre-deprivation hearing and is not entitled

to immediate release. (Id. at 2.) Respondents do not object to the Court ordering a bond hearing. (Id.)

There is no dispute that in 2020, petitioner was placed in standard removal proceedings pursuant to 8 U.S.C. § 1229a (INA Section 240). (See ECF No. 1 at 9; ECF No. 6 at 1.) The standard "removal process provides for an evidentiary hearing before an immigration judge to allow the noncitizen to show she should not be removed." Labrador-Prato v. Noem, 2025 WL 3458802, at *3 (E.D. Cal. Dec. 2, 2025) (citing Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 140 (2020)). Section 1229a does not provide detention authority for noncitizens in standard removal proceedings, and respondents do not contend otherwise. See 8 U.S.C. § 1229a. Section 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal," Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022), and courts have consistently found that § 1226(a) applies to noncitizens in standard (§ 1229a) removal proceedings. See e.g., Labrador-Prato, 2025 WL 3458802, at *3; Patel v. Tindall, 2025 WL 2823607, at *4-5 (W.D. Ky. Oct. 3, 2025) (noncitizen in § 1229a removal proceedings governed by § 1226(a) for detention).

When a noncitizen is apprehended under § 1226(a), the government makes an initial custody determination, and the noncitizen will be released upon a showing "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." Rodriguez Diaz, 53 F.4th at 1196 (citing 8 C.F.R. § 236.1(c)(8)). Section 1226(a) provides "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz, 53 F.4th at 1202. Therefore, "[i]f the noncitizen is detained under section 1226(a), she is entitled to a bond hearing." Labrador-Prato, 2025 WL 3458802, at *3 (citing Jennings v. Rodriguez, 583 U.S. 281, 306 (2018)).

The Court concludes that petitioner was detained pursuant to § 1226(a) because she had been placed in standard § 1229a removal proceedings and released on her own recognizance.

///

Therefore, petitioner should have been provided a bond hearing and is entitled to relief on her statutory claim.

**V. PETITIONER'S REMAINING CLAIM**

In the petition, petitioner also raises a due process claim (claim two). (ECF No. 1 at 14-15.) Because the Court recommends granting the petition on the statutory claim (claim one), the Court need not address any additional claim (claim two) raised in the petition. See N.K. v. Noem, 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to the second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release."). Petitioner is entitled to the habeas relief she seeks on the court's ruling as to claim one.

**VI. NEW CLAIM RAISED IN REPLY/ TRAVERSE**

In her reply, petitioner now contends that her detention violated the Accardi doctrine. (ECF No. 7 at 2-3.) The Court recommends that this new claim be denied as improperly raised in petitioner's traverse. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (a traverse is not the proper pleading to raise additional grounds for relief).

**VII. CONCLUSION**

In summary, the Court recommends that the petition for writ of habeas corpus be granted on petitioner's statutory claim, and that petitioner's new claim raised in the reply, be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. Petitioner's new claim raised in the reply (ECF No. 7 at 2-3) be DENIED.
3. Respondents be ordered to provide petitioner Belkis Xiomara Martinez Chacon (A-216-641-530), with a constitutionally adequate bond hearing before an immigration judge/neutral decisionmaker within **fourteen (14) days** of the adoption of these findings and recommendations where respondents bear the burden of establishing by

clear and convincing evidence that petitioner poses a danger to the community or a risk of flight to justify continued detention. Respondents must provide notice to petitioner and if petitioner has counsel, also petitioner's counsel, with at least seven (7) days' notice before the bond hearing. If petitioner has counsel, petitioner shall be allowed to have counsel present at any such hearing. If a bond hearing is not held within 14 days, petitioner shall be immediately released.

4. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 4, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/mart7240.157.2241.imm.BOND